IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| QADIR AMIR LAMB,<br><br>        Plaintiff,<br><br>   v.<br><br>GLOUCESTER COUNTY SUPERIOR<br>COURT, et al.,<br><br>        Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 13-6890 (JBS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

    Before the Court is Plaintiff Qadir Amir Lamb's application to proceed in district court without paying fees or costs and to file a petition for a writ of mandamus. The Court will dismiss this action because the Court finds as follows:

    1.   The Court has reviewed Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit. [Docket Item 3.] Because the Affidavit discloses that Plaintiff is indigent, the Court will permit Plaintiff's petition to be filed without prepayment of fees, pursuant to 28 U.S.C. § 1915(a).

    2.   Section 1915 requires the Court to preliminarily review each action filed in forma pauperis and to "dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting 1915(e)(2)'s predecessor, the former § 1915(d)).

3. Plaintiff submitted a "Writ of Mandamus" in which he "[p]etitions this court to issue a Writ of Mandamus to order JUDGE M. CHRISTINE ALEEN-JACKSON to enforce the Default Judgment filed on JUNE 12, 2013 . . . ." [Docket Item 1 at 1.] Judge Allen-Jackson is a New Jersey State Court judge.

4. A federal district court "may issue all writs necessary or appropriate in aid of [its] respective jurisdictions . . . ." 28 U.S.C. § 1651(a). "The first question . . . is whether the District Court has any jurisdiction" to issue the writ. In re Richards, 213 F.3d 773, 778 (3d Cir. 2000). In other words, "[b]efore entertaining the application, then, [the court] must identify a jurisdiction that the issuance of the writ might assist." United States v. Christian, 660 F.2d 892, 894 (3d Cir. 1981).

5. This Court lacks jurisdiction to issue a writ of mandamus against a state court judge. The Third Circuit has held that, when a party "request[ed] the district court to issue a writ of mandamus compelling action by a state official, it [wa]s clear that the district court had no jurisdiction to grant such

relief." In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963); see also In re Jones, 28 F. App'x 133, 135 (3d Cir. 2002) ("The federal courts . . . have no general power in a mandamus action to compel action . . . by state officials").

    6.    Because the Court lacks jurisdiction to use a writ of mandamus against a state court judge, the Court will dismiss Plaintiff's Petition for Writ of Mandamus as frivolous. The dismissal will be with prejudice because amendment is futile.


**January 28, 2014**                          **s/ Jerome B. Simandle**
Date                                        JEROME B. SIMANDLE
                                                     Chief U.S. District Judge